## COMMONWEALTH *vs.* GEORGE F. EGGLESTON.

Bristol.   October 28, 1879; January 28. — February 24, 1880.

An employee of a seller of intoxicating liquors in another state, who there receives an order for such liquors, and, under authority from his employer to receive or reject orders, accepts the order, may be indicted for an unlawful sale in this Commonwealth, if the liquors are, in pursuance of his direction, delivered to the buyer in this Commonwealth.

INDICTMENT for an unlawful sale of intoxicating liquor to Benjamin Stanley at Attleborough.

At the trial in the Superior Court, before *Allen*, J., the government put in evidence tending to show that F. S. Eggleston was engaged in the business of bottling and selling lager beer in Pawtucket, Rhode Island; that he had in his employ, among others, the defendant and one Huntley; that Huntley in the course of his employment went to Attleborough on May 22, 1879, soliciting orders for lager beer, and received there an order from Benjamin Stanley for one dozen bottles of lager beer; that this order, with the money for it, Huntley carried, on the same day, with many similar orders, to the establishment of F. S. Eggleston in Pawtucket; and handed them to the defendant there, who, as clerk or superintendent for the proprietor, figured up the orders, decided which should be accepted, and directed the persons employed there to load the wagon; that the next day Huntley carried the dozen bottles of lager beer ordered by Stanley and delivered them to him in Attleborough, also making similar deliveries to others who had given him orders; and that the defendant paid over the money he received to the proprietor, and had no interest in the sales except as an employee on a salary, and everything he did was done in Rhode Island.

This was all the material evidence in the case; and the defendant asked the judge to rule that it did not show a sale by the defendant in this state, and that he was entitled to an acquittal. The judge declined so to rule; and instructed the jury in substance as follows: "The question of where the sale was made depends upon where the beer was delivered. If it was delivered in Attleborough to Stanley by Huntley acting as agent of the owner, it was a sale in Attleborough; but if Huntley received it in Pawtucket as the agent of Stanley, it was a sale in Rhode

Island. If Huntley delivered it to Stanley in Attleborough as agent of the owner, and the defendant remaining in Rhode Island had authority from the owner as his agent to receive or reject orders, and the power as such to pass upon them, and did so pass upon this order, and direct it to be filled, and the beer to be loaded and carried to Attleborough, it would be evidence of an unlawful sale by him, as charged in the indictment, even though he had no other interest in the transaction than as a paid employee of the owner."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was argued in October 1879, and reargued in January 1880, by *J. Brown*, for the defendant, and *G. Marston*, Attorney General, for the Commonwealth.

LORD, J. There was no error in the instructions of the court. The fact that the sale was made in Massachusetts is established by the verdict of the jury, under proper instructions, and on sufficient evidence. A distinction, however, is attempted to be made between a civil and a criminal act of sale. It is difficult to understand upon what basis; for it is the otherwise innocent and lawful act of sale which the statute makes criminal. It is the transaction itself which is criminal. But being made criminal simply because it is *malum prohibitum*, it can be but a misdemeanor; and every one who participates in the sale is a principal offender. Such participation must be in the sale itself. If a person is merely a messenger, by whom the article is transmitted from seller to buyer, and has no part in the act of sale, he is not responsible. In this case, the defendant was the person who actually received the order for the article sold, received payment for it, determined to make the sale, and gave the orders for the delivery, and so directly participated in the illegal act. Whether he was the owner of the property, or whether he was an agent, or salesman, or clerk of the owner, is wholly immaterial, as has been many times decided in this Commonwealth. *Commonwealth* v. *Hadley*, 11 Met. 66. *Commonwealth* v. *Drew*, 3 Cush. 279. Nor is this principle confined to misdemeanors committed within this state by a person without it, through an innocent agency. *Adams* v. *People*, 1 Comst. 173. 1 Whart. Crim. Law (7th ed.) §§ 278, 604. *Exceptions overruled.*